UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| ANR EXCAVATING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 11-44-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| VENTURE CONSTRUCTION COMPANY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant Venture Construction Company's ("Venture") motion to stay this litigation and compel the parties to submit their disputes to arbitration pursuant to the Federal Arbitration Act. [Record No. 10] Venture's motion was filed on August 12, 2011. However, as of this date, Plaintiff ANR Excavating, LLC ("ANR") has not filed a response. Based on the authorities cited in Venture's motion, the Court will grant the relief requested.

**I.      Relevant Facts**

ANR is a limited liability company, organized and existing under the laws of the Commonwealth of Kentucky with its principal place of business in this state. Venture is a corporation, organized under the laws of Georgia with its principal place of business located in Georgia. This case arises out of a construction dispute involving a Cracker Barrel facility in Frankfort, Kentucky. According to the allegations contained in ANR's Complaint, on or about

-1-

October 19, 2010, Venture subcontracted to ANR site development and excavation work for the construction project.

In addition to work identified in the initial subcontract, ANR alleges that it was directed by Venture to provide additional equipment, labor and materials for the project. ANR claims that, "to induce [it] to perform additional work Venture, in bad faith, threatened ANR with unjustified termination of the subcontract if ANR refused to comply with oral direction by Venture's on-site representative." ANR further asserts that "Venture never intended to pay ANR for all of the work Venture ordered beyond the requirement of the original subcontract." [Record No. 1; Complaint, ¶¶ 5, 6] ANR claims that it is owed in excess of $165,000 under the contract, as amended, to include the additional work ordered by Venture. In its Complaint, ANR asserts claims of breach of contract (Count 1) and *quantum meruit* (Count 2). [Record No. 1; Complaint, ¶¶ 10-16]

ANR's Complaint was filed in the Franklin Circuit Court on June 15, 2011. On July 18, 2011, Venture removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Thereafter, Venture moved the Court to stay the civil action and compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. [Record No. 10] It contends that the claims asserted by ANR arise out of or relate to the Subcontract between the parties. Further, Section 9 of the Subcontract provides that,

> all claims, disputes, and other matters in question arising out of, or relating to, this Subcontract, or the breach thereof, except as otherwise provided in this Subcontract Agreement and claims which have been waived under the terms hereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining, unless the parties mutually agree otherwise. This agreement to

arbitrate shall be specifically enforceable under the prevailing arbitration law. The Award rendered by the arbitrator(s) shall be final, and judgment may be entered in accordance with the applicable law in any Court having jurisdiction thereof. The locale of any arbitration proceedings hereunder shall be in Nashville, TN.

[Record No. 1; Complaint, attached Subcontract] As a result of these provisions, Venture submits that, under section 1 of the Federal Arbitration Act, 9 U.S.C. § 1, the mandatory provisions of the Subcontract is enforceable and requires that this Court stay the pending litigation and compel the parties to submit their dispute to arbitration in Nashville, Tennessee.[1]

## II. Legal Analysis

Venture correctly notes that, while the Subcontract in issue contains a choice-of-law provision specifying that it shall be governed by the law of the Commonwealth of Kentucky, that clause does not displace federal law where the Federal Arbitration Act would otherwise apply. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 64 (1995) ("the choice-of-law provision covers the rights and duties of the parties while the arbitration clause covers arbitration; neither sentence intrudes upon the other"). Further, written agreements to arbitrate contract disputes involving commercial transactions are valid, irrevocable, and enforceable, except upon such grounds as exist at law or in equity for the revocation of any contract.

Here, the plaintiff has not offered any legal or equitable reason which would prevent enforcement of the arbitration provision. The dispute identified in ANR's Complaint is arbitrable in that the dispute "falls within the substantive scope of . . . [the Subcontract]

---

[1]   Venture has branch offices in Georgia, Tennessee, Florida, Virginia, and North Carolina. It states that the Subcontract in issue was negotiated through its Franklin, Tennessee branch office. Franklin, Tennessee is a suburb of Nashville, Tennessee.

agreement." *Watson Wyatt & Co. v. SBC Holdings, Inc.,* 513 F.3d 646, 649 (6th Cir. 2008) (quoting *Bratt Enterprises, Inc. v. Noble Intern. Ltd.,* 338 F.3d 609, 612 (6th Cir. 2003). Likewise, the Subcontract is between citizens of different states and involves and/or affects interstate commerce. [*See generally*, Overbey Affidavit ¶ 7; Record No. 10.] Finally, it was signed by both parties and appears to be a valid, enforceable document. Therefore, based on the foregoing analysis, the arbitration provision will be enforced according to its terms.

**III.    Conclusion**

The Court being sufficiently advised, it is hereby

**ORDERED** as follows:

1.  Defendant Venture Construction Company's Motion to Stay Litigation and Compel Arbitration [Record No. 10] is **GRANTED**.

2.  Defendant Venture Construction Company and Plaintiff ANR Excavating, LLC are hereby compelled to submit their disputes to binding arbitration according to the procedures set forth in the Subcontract entered into by and between the parties. This arbitration shall take place in Nashville, Tennessee in accordance with the parties' agreement.

3.  The claims asserted in this litigation are **STAYED**, pending the conclusion of arbitration.

This 7th day of September, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge